Turley, J.
delivered the opinion of the court.
This is an action of ejectment brought against the plaintiff in error, and the bill of exceptions shows the following facts:
The premises in dispute were granted by the State of North Carolina, to Robert King, in 1795, and were sold and conveyed to Jobn Bullard by George Sniffer, sheriff of Claiborne county, by virtue of a judgment and execution against Robert King, in 1807, and by John Bullard to George Buler, in 1807. Geo. Buler died about the year 1818, leaving Elizabeth .Nicely, Woody Buler and several others his heirs at law. In July 1837, a petition was filed by said Elizabeth Nicely and others, a part of the heirs of said George Buler against Woody Buler and others, the balance of said heirs, for a partition of said land. • Woody Buler filed his answer to the petition and resisted the partition, claiming to hold the land in his individual right by virtue of a purchase fromthe heirs of saidG.Buler, and acontinued unmolestéd possession thereof for 14 years. Notwithstanding this defence, commissioners were appointed by the court to *178 make the partition, and at the June term, 1838, of the Chancery Court at Tazewell, they made the report, partitioning the land between the heirs of George Buler, deceased, which was confirmed by the Chanceilor. By this report and the decree thereon, the land sued for in this action was allotted to Elizabeth Nicely, and was by her sold and conveyed on the 22d day of January, 1838, to James Nicely, the lessor of the plaintiff. Upon the trial in the court below, the defence set up was, that Joseph Buler, the defendant, held as tenant of Woody Bu-ler, whose title was perfect by operation of the statute of limitations. There was much proof showing that Woody Buler had been in the uninterrupted possession of the premises from the death of his father, George Buler, a period of more than twenty years, claiming to hold the-same in his own right. But it was contended on the part of the plaintiff, that the record of partition, made by the Chancery Court of Tazewell, precluded the defence; that Woody Buler’s title had been then adjudicated upon by the Chancellor, and determined against him; that the matter was res adjudícala and not open to investigation in this action, and so the Circuit Judge determined.
Is this defence correct? We think not. The bill for partition is not a bill to settle title, but a bill to divide that which belongs to tenants in common or joint tenants, among them in severalty, and if the title be disputed, partition will not be made until the dispute is settled in an appropriate form of action. A bill of partition is not this. Indeed the Chancellor (so far as we see) did not attempt to adjudicate upon the separate and exclusive right claimed by Woody Buler against the other heirs of George Buler, deceased, and to hold that Woody Buler is estopped by the decree of partition from having a legal investigation of his title in the action of ejectment, is to deprive him of an asserted right without a hearing.
. We then hold that if Woody Buler, at the time of the partition, had the legal right as against the other heirs of G. Buler, the decree of partition did not deprive him of it, but that he ought to have been permitted to avail himself of it in his de-fence to the action of ejectment.
Did he have such legal right? We shall not at this stage of the *179 proceeding undertake to determine this question; there is much proof upon it, which ought to have been*submitted to the jury under the charge of the court, and'which must be done before this case can be finally determined. •
The judgment will, therefore, be reversed, and the case remanded for a new trial.